

February 6, 2019

The Honorable Jack B. Weinstein
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:     <u>United States v. Keith Liwanag</u> 17-Cr-677 (JBW)

Your Honor:

      On June 27, 2018, Keith Liwanag pled guilty before Magistrate Judge Bloom to count two of the indictment against him, charging him with participating in the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e). Mr. Liwanag is scheduled to be sentenced by this Court on February 12, 2019. The statute mandates a mandatory minimum sentence of 15 years, and a maximum sentence of 30 years. The Probation Department estimates that Mr. Liwanag's total offense level is 43, that his criminal history category is I, and that his corresponding advisory range of imprisonment is therefore 30 years. *See* PSR at ¶¶ 81, 85, 122, 123. Although one can take issue with some of the Probation Department's guideline calculations, the ultimate guideline range would not change even if those calculations were corrected. Accordingly, Mr. Liwanag does not challenge the PSR or wish to have a *Fatico* hearing. However, as explained in more detail below, the already draconian mandatory minimum term of imprisonment of 15 years is more than sufficient to satisfy the aims of sentencing, and I respectfully urge the Court to impose a sentence of 180 months.

      In December 2018, the Court authorized a forensic psychological evaluation to be conducted of Mr. Liwanag. The report of that evaluation by Dr. Alexander Bardey, attached here as Exhibit A, speaks for itself. There is no point in regurgitating its conclusions or re-describing its findings. I simply urge the Court to consider it carefully. Suffice it to say that based on his subjective and objective testing of Mr. Liwanag, Dr. Bardey's concluded that Mr. Liwanag does not present a future threat to children or to society, that his appalling conduct was likely caused by deep-seated psychological issues related to abandonment by his parents, and that Mr. Liwanag is genuinely remorseful for his behavior. *See* Exhibit A.[1] Keith Liwanag, a young man who was both lawfully employed and involved in a romantic relationship with an age appropriate young woman, turned down a dark path, driven in part by curiosity and taboo, but more significantly by psychological forces of which he was not even aware. Months before his arrest, Keith recognized the depravity of his behavior and turned away from his efforts to persuade Filipino women to engage in sexual behavior with their children on camera.

---

[1] Due to its confidential nature, the psychological evaluation report is not attached to the public filing of this letter.

The Court has no choice but to impose a sentence of at least 15 years. The guideline range for Mr. Liwanag is the 30-year statutory maximum. *See* PSR at ¶¶ 81, 122. But the Court has had frequent occasion to consider the validity of the sentencing guidelines associated with child pornography and exploitation offenses and is well aware that courts have increasingly abandoned the guidelines in this area. As the Second Circuit stated in *United States v. Dorvee*, 616 F.3d 174, 187 (2d Cir. 2010), "[b]y concentrating all offenders at or near the statutory maximum, § 2G2.2 eviscerates the fundamental statutory requirement in § 3553(a) that district courts consider the nature and circumstances of the offense and the history and characteristics of the defendant and violates the principle, reinforced in *Gall*, that courts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct." (internal citations and quotation marks omitted). The guidelines, calling for a statutory maximum sentence of 30 years for a first-time offender, are sufficiently unrelated to reality to be ignored.

The question here is whether 18 U.S.C. § 3553(a) requires a term of imprisonment of even a day more than 180 months. The answer to that question is no. First, the personal characteristics and history of Mr. Liwanag as set forth in Dr. Bardey's report, Exhibit A, suggest that a 15-year sentence is more than enough. Mr. Liwanag's remorse, his depression, the psychological underpinnings of his behavior, and the determination by an expert that Mr. Liwanag is not likely to pose risks to children in the future – all should lead to the conclusion that Mr. Liwanag's history and characteristics militate in favor of the statutory minimum.

Second, the 15 years Mr. Liwanag must serve are going to be difficult ones. He is a slight young man who has been convicted of a child sexual offense. He will be a target in prison, and life will be made more difficult for him in numerous ways by both inmates and guards.[2] Mr. Liwanag is a Filipino citizen who will be deported upon completion of his sentence. Given the nature of his conviction, who knows what fate awaits him when he returns to the Philippines. Because he is a foreign citizen and has no family in the United States, he will be forced to serve his sentence in solitude. He will have no visitors, and no ability to maintain his social bonds with his mother, siblings, and friends, other than by phone or mail. *See* Exhibit B, Letters from his mother and friend. Also because of his foreign status, he will have no opportunity to slightly lessen his sentence through the enrollment in programming or educational opportunities. In other words, Mr. Liwanag's 180-month sentence will be a hard prison term, more difficult to endure than for most other defendants.

The Court is well aware that a sentence must be sufficient, but not greater than necessary. Even though Mr. Liwanag committed a terrible wrong, 15 years in prison is a tremendously long sentence for an individual who was never previously convicted of an offense, had never spent a day in jail, and whose victims (at least those in the videos in which he himself participated), fortunately, suffered no physical harm. The psychological damage suffered by the children involved remains to be seen – but hopefully they will have little or no memory of these events. But it is important to remember that "[a]dditional months in prison are not simply

---

[2] A man sentenced to decades in prison for running a child pornography ring was recently murdered in a federal correctional institution in Michigan. *See* https://www.detroitnews.com/story/news/local/michigan/2019/01/03/death-reported-milan-federal-prison-michigan/2477366002/

just numbers. Those months have exceptionally severe consequences for the incarcerated individual. They also have consequences both for society which bears the direct and indirect costs of incarceration and for the administration of justice which must be at its best when the stakes are at their highest." *United States v. Jenkins,* 854 F.3d 181, 192 (2d Cir. 2017).

      In light of all of these circumstances, I respectfully urge the Court to impose the very severe mandatory minimum sentence of 180 months, which more than sufficiently satisfies the sentencing aims of 18 U.S.C. § 3553(a).

Respectfully Submitted,

/s/

Florian Miedel
*Attorney for Keith Mason Liwanag*

Cc:    AUSA Erin Reid (email)