

U.S. Department of Justice

United States Attorney
Eastern District of New York

SD:EMR
F. #2017R01760

271 Cadman Plaza East
Brooklyn, New York 11201

February 20, 2019

By ECF

The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Liwanag
                Criminal Docket No. 17-677 (JBW)

Dear Judge Weinstein:

      The government respectfully submits this letter in anticipation of the defendant's sentencing, scheduled for February 21, 2019 at 11:30 a.m. On June 27, 2018 the defendant pleaded guilty pursuant to a plea agreement to Count Two of a four-count indictment, charging sexual exploitation of a child, in violation of Title 18, United States Code, Section 2251(a).

      For the reasons stated below, the government respectfully requests that the Court impose a custodial term of imprisonment of 360 months. As set forth in the sentencing supplement addressing restitution submitted herewith (the "Sealed Supplement"), the government also requests that the defendant be ordered to pay restitution to each of the identified victims seeking restitution.[1]

    I.    Background

      The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR") prepared by the United States Probation Department on December 20, 2018, to which the government has no objection.

---

[1]     For the reasons set forth in the Sealed Supplement, the government respectfully requests permission to file the supplement under seal.

The defendant was arrested on November 9, 2017, following an investigation by the Department of Homeland Security ("HSI") into an individual who was soliciting photographs of the sexual abuse and exploitation of children in the Philippines. PSR ¶ 16.

Between September 2016 and October 2016, the defendant, who was based in Queens, New York, used a Facebook account to persuade women in the Philippines to engage in sexual acts with children in exchange for money and to produce and send child pornography over Facebook's private messaging service. PSR ¶¶ 5-10.

For instance, on September 8, 2016, the defendant sent several messages to a woman in the Philippines asking her to "suck and masturbate" a six-year-old boy for "five minutes" as part of a "show" in exchange for money. PSR ¶ 7. On September 11, 2016, the defendant sent and received messages from another woman in the Philippines about a "show" with the woman's son and offered her money to "[j]ust suck his penis and masturbate him." PSR ¶8. Excerpts of these conversations are described in the PSR. PSR ¶¶ 7-8.

On October 12, 2016, the defendant sent a message to a third woman in the Philippines asking, "[m]aybe you can send me some pictures of you kissing the baby penis" of her son. PSR ¶9. An excerpt of this conversation is described in the PSR. Id. In response, on October 27, 2016, that woman sent the defendant two images of child pornography, including: (i) one image of an adult woman resting her face next to the penis of a pre-pubescent boy; and (ii) one image of what appears to be same adult woman kissing the penis of what appears to be the same pre-pubescent boy. PSR ¶ 10.

The evidence obtained during the course of the investigation also revealed that the defendant created videos of live Facebook video chats and Skype video calls he had with women in the Philippines, in which he directed those women to engage in specific sexual acts with male prepubescent children. PSR ¶ 12-13. One such video, bearing the date July 14, 2016 (the "July 14 Video"), depicts the defendant engaged in a video call on a Facebook account. Id. The defendant is visible in a video box in the lower right corner of the screen. Id. Above him, there is a second video box which shows the Facebook user on the other end of the call. In this box, a male toddler lays on his back, while a female adult takes off the toddler's shorts and manually stimulates the child's genitals. Id. The government is in possession of at least 10 Facebook videos and at least 41 Skype videos with content similar to that depicted in the July 14 Video. Id.

Records obtained from Western Union reflect that between March 2015 and October 2017, the defendant made payments to accounts in the Philippines in exchange for the images and videos he received. PSR ¶ 11.

The investigation further revealed that the defendant shared the videos he created online. For example, an individual arrested in an unrelated investigation in Cleveland, Ohio, was in possession of the above-described Skype videos, which he received from the defendant. PSR ¶ 13.

On November 9, 2017, the day of the defendant's arrest, the investigating agents executed a search warrant at the defendant's residence and recovered several electronic devices, which the defendant identified as his. A review of those devices revealed that the defendant possessed at least 3,400 images and videos of child pornography, including the Facebook and Skype videos described above. PSR ¶ 13.

II. Guidelines Calculation

The Probation Department calculated the defendant's applicable Guidelines range as follows:

| | | |
|---|---|---|
| Base Offense Level (§ 2G2.1(a)) | | 32 |
| Plus: | Material Involves a Minor That Had Not Attained the Age of 12 Minor (§ 2G2.1(b)(1)(A)) | +4 |
| Plus: | The Offense Involved a Sexual Act (§ 2G2.1(b)(2)(A) | +2 |
| Plus: | Defendant Knowingly Engaged in Distribution (§ 2G2.1(b)(3)) | +2 |
| Plus: | Images Involved Infants and Children Being Penetrated (§ 2G2.2(b)(4)) | +4 |
| Plus: | Use of Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: | Grouping Analysis for John Does One Through Five (§ 3D1.4) | +5 |
| Less: | Acceptance of Responsibility | -3 |
| Total: | | <u>53</u> |

As described by Probation, pursuant to Chapter 5, Part A, of the Guidelines, an offense level of 53 will be treated as a level 43.

Because the defendant's Criminal History Category is I, the applicable United States Sentencing Guidelines ("Guidelines") as calculated by the Probation Department is life imprisonment. However, because the statutorily authorized maximum sentence is 30 years, the effective Guideline range calculated by the Probation Department is 360 months.

III.     <u>Appropriate Sentence</u>

The government respectfully submits that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a sentence of 360 months.

The defendant is charged with one of the most serious federal crimes involving the sexual exploitation of children.  The defendant targeted women online and persuaded them to sexually abuse their own toddler children, while the defendant recorded, paid for, and disseminated the videos of the abuse.  Although the defendant was thousands of miles away from the children, he directed every detail of their sexual exploitation – as the Facebook Live and Skype videos possessed by the defendant revealed.  On these videos, the defendant commands women to perform specific sexual acts on their children while he watches and films them.  The defendant then distributed the videos he created, perpetuating the abuse of the children depicted in the images and videos.

The defendant committed his crimes with callous disregard for the effects his actions would have on his child victims.  As a direct consequence of the defendant's actions, at least nine different children in the Philippines are now the victims of sexual abuse.  It is difficult to imagine the physical and psychological toll of the defendant's conduct on these toddlers, especially when their sexual abuse was inflicted by their own mothers.  Simply put, the conduct underlying the defendant's conviction is nothing short of horrific.

In addition to creating the child pornography videos on Facebook and Skype, the evidence shows that the defendant also engaged in online downloading of over three thousand other child pornography files.  As the Court is aware, possession of child pornography videos alone, fosters a market for more abuse.  See, e.g., <u>United States v. Gouse</u>, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); <u>United States v. Miller</u>, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)).  "Child pornography harms and debases the most defenseless of our citizens.  Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." <u>United States v. Williams</u>, 553 U.S. 285, 307 (2008).  "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," <u>New York v. Ferber</u>, 458 U.S. 747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, <u>Osborne v. Ohio</u>, 495 U.S. 103, 110 (1990).

The government agrees that the Court should consider the circumstances asserted by the defendant as to his background.  However, the defendant's age and his lack of a criminal record should not be accepted as a shield for personal responsibility.  It is common for child pornography defendants to lead otherwise law abiding lives while victimizing children with their criminal conduct in secret.  The nature of this crime is one of secrecy.

4

The sentence imposed in this case must account for the depth of the defendant's direct participation in the sexual exploitation of children. Adequate punishment, respect for the law, and the need for specific and general deterrence all call for a serious sentence of imprisonment. See 18 U.S.C. § 3553(a)(2). Accordingly, the government respectfully requests that the Court impose the Guidelines range calculated by the Probation Department, a custodial term of imprisonment of 360 months.

IV. Conclusion

For the foregoing reasons, the government respectfully submits that a sentence of 360 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Erin Reid
Erin Reid
Assistant U.S. Attorney
(718) 254-6361

cc: Clerk of the Court (JBW) (by ECF)
Florian Miedel, Esq. (by ECF)
Patricia A. Sullivan, Probation Department (by email)